Timothy J. Coleman, OSB No. 841970
Internet e-mail: tcoleman@cosgravelaw.com
Kimberlee Petrie Volm, OSB No. 114906
Internet e-mail: kpetrievolm@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone:  (503) 323-9000
Facsimile:   (503) 323-9019

Anne Marie O'Brien, NE #18271
*(Admitted Pro Hac Vice)*
Internet email: aobrien@ldmlaw.com
Adam R. Feeney, NE #25897
Internet email: afeeney@ldmlaw.com
*(Admitted Pro Hac Vice)*
Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
Telephone:  (402) 397-7300
Facsimile:   (402) 397-7824

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALEX McDONALD,<br><br>          Plaintiff,<br><br>     v.<br><br>UNION PACIFIC RAILROAD COMPANY, a foreign business corporation,<br><br>          Defendant. | Case No. 3:17-cv-01157-YY<br><br>**DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**<br><br>**REQUEST FOR ORAL ARGUMENT** |

## LR 7-1(a) CERTIFICATION

In compliance with Local Rule 7-1, Kimberlee Petrie Volm, counsel for Defendant,

Union Pacific Railroad Company ("Union Pacific"), certifies that she conferred in good faith by

Page 1 -    DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

telephone conference on August 31, 2017, with counsel for Plaintiff, Alex McDonald, but the parties were unable to resolve this dispute without the assistance of the Court.

## I.    MOTION

Pursuant to F.R.C.P. 12(b)(6), Union Pacific moves for an order dismissing with prejudice Plaintiff's Complaint. This Motion is made on the grounds that both of the Complaint's Causes of Action fail to state any basis for relief and fail to comply with the proper pleading standards under F.R.C.P. 8(a), 9(f), and 12(b)(6). This Motion is supported by (i) the accompanying Memorandum of Law, (ii) pleadings and records on file in the case, (iii) matters of which this Court may take judicial notice, (iv) the Plaintiff's Complaint, and (v) such arguments as may be presented to the Court. Union Pacific requests oral argument on this Motion.

## II.    MEMORANDUM

### A.    INTRODUCTION

Plaintiff's complaint alleges that a beaver dam built on a creek within Union Pacific's right of way caused flooding and beaver burrowing on his adjacent property, causing him damages. He asserts a common law negligence claim and a claim for breach of regulatory duty. Both of these claims fail as a matter of law.

First, both of Plaintiff's claims are based solely on damages allegedly caused by a beaver dam. Under Oregon law, beavers are wild animals (ferae naturae) which are the property of the state. Under established negligence principles, Union Pacific cannot be held liable for the actions of indigenous wild animals unless Union Pacific somehow asserted dominion over them. There is no such allegation in the complaint, and none would be credible. Therefore, both claims fail.

Second, Plaintiff's breach of regulatory duty claim fails because the regulation that Plaintiff bases this claim upon does not apply to the facts pled. Plaintiff cites a regulation requiring the drainage facilities adjacent to a railroad bed be kept clear. Plaintiff argues that this

Page 2 -    DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

created a duty for Union Pacific to keep the creek clear. The Supreme Court of Pennsylvania recently analyzed this regulation under similar factual circumstances and found that its purpose was only to promote railway safety by keeping water off of the railroad tracks. Thus, the court held that it did not create a duty to keep a creek below a railroad bridge free of obstruction. This is consistent with a plain reading of the statute. Because the regulation does not create the duty Plaintiff alleges it does, and is not targeted at the type of harm Plaintiff claims to have suffered, it cannot provide a basis for his claim.

For these reasons, and those below, Plaintiff's complaint should be dismissed with prejudice.

**B.     STATEMENT OF ALLEGED FACTS**

The Complaint alleges the following: Plaintiff owns certain real property in Multnomah County adjacent to Fairview Creek.[1] (Compl. ¶ 7.) Union Pacific owns a right of way across Fairview Creek adjacent to Plaintiff's property. (*Id.* ¶ 8.) Over the past several years, Union Pacific knowingly allowed a beaver dam that was fifty feet wide and eight feet tall (the Beaver Dam) to be built within Union Pacific's right of way on Fairview Creek. (*Id.* ¶ 9.)

Plaintiff's first claim is for common law negligence. This claim alleges that the Beaver Dam created a foreseeable risk of harm in that it would potentially cause damages to adjoining properties through flooding, river channels and burrowing by the beavers in and around the Beaver Dam. (*Id.* ¶ 11.) Union Pacific had a duty to maintain its property, including its right of way across Fairview Creek, including the need to remove the Beaver Dam within its right of way before it caused damages to adjoining properties. (*Id.* ¶ 12.) Union Pacific did not take action to remove the Beaver Dam. (*Id.* ¶ 13.) Over time, the Beaver Dam created flood waters, river channels and numerous beaver burrows that have caused severe damage to Plaintiff's property,

---

[1] The Complaint confusingly calls the creek both "Fairway Creek" and "Fairview Creek." For the sake of simplicity, this memorandum will refer to the creek as "Fairview Creek" for purposes of this memorandum only. The alleged facts recited herein are set forth solely for the purpose of resolving this motion  Union Pacific does not concede any of these alleged facts by reciting them herein.

Page 3 -     DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

leading to a devaluation of Plaintiff's property making it unusable for development and amounting to a $2.5 million loss. (*Id.* ¶ 13-14).

Plaintiff's second claim is for breach of regulatory duty to keep Fairview Creek free of obstruction. Plaintiff alleges that, pursuant to U.S. Code of Federal Regulations section 49 CFR 213.33, Union Pacific had a duty to keep Fairview Creek free of all obstruction within its right of way area. (*Id.* ¶ 17.) Plaintiff, as an owner of an adjacent property to Union Pacific's right of way, is a person meant to be protected by the regulation, and Plaintiff suffered the type of damages the regulation was intended to prevent, resulting in $2.5 million in damages. (*Id.* ¶ 19.)

**C.     ARGUMENT**

    **1.  Standard of Review**

A court should dismiss a complaint as a matter of law under Rule 12(b)(6) for failure to state a claim where there is (1) a lack of a cognizable legal theory, or (2) insufficient facts alleged to sustain a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (as amended).

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); F.R.C.P. 8(a), 9(f). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id*. (citation omitted). Courts need not accept as true a plaintiff's (1) conclusory allegations, (2) legal conclusions, (3) allegations that contradict matters properly subject to judicial notice, or (4) allegations that contradict documents attached to or incorporated by reference into the complaint. *Smith v. Wang,* 627 F. App'x 677 (9th Cir. 2015); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

// // //

Page 4 -     DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

### 2. Both of Plaintiff's Claims Are Barred By the Doctrine of Ferae Naturae

Both of Plaintiff's claims stem from alleged flooding and beaver burrows on Plaintiff's property caused by the Beaver Dam.  The Oregon Supreme Court has held that "[b]eaver are animals ferae naturae, and while in a state of freedom their ownership, so far as a right of property can be asserted, is in the state . . . ."  *Fields v. Wilson*, 186 Or. 491, 498 (1949).  Therefore, as a matter of law, Union Pacific cannot be held liable for the alleged acts of beavers.

"Under the doctrine of ferae naturae, a landowner is not liable for the acts of wild animals [*ferae naturae*] occurring on the owner's property unless the landowner actually reduced indigenous wild animals to possession or control or introduced nonindigenous animals into the area."[2]  *Union Pacific Railroad Company v. Nami*, 498 S.W.3d 890, 897 (Texas 2016) (internal quotation and citation omitted.)  This principle is reflected in the Restatement (Second) of Torts.  Restatement (Second) of Torts § 508 (1977) ("The possession of the land does not carry with it possession of the indigenous wild animals that are upon it.")  Courts around the nation have reaffirmed the principle that landowners are not responsible for acts committed by wild animals on their property. *See Calvert v. Zimmer*, No. CIV.A. 95-CV-2041, 1995 WL 732838, at *1 (E.D. Pa. Dec. 7, 1995) ("the possessor of land does not acquire possession of the animal, and implicitly, the duty to prevent the animal from harming others, until the landowner brings the animal within his control.") (internal quotation and citation omitted); *Palumbo v. State Game & Fresh Water Fish Comm'n*, 487 So. 2d 352, 353 (Fla. Dist. Ct. App. 1986) (same); *Estate of Hilston ex rel. Hilston v. State*, 337 Mont. 302, 306 (2007) (same).

Because Oregon has included beavers in the category of ferae naturae wild animals, Union Pacific cannot be held liable for their actions as a matter of law.  Both of Plaintiff's claims stem *solely* from alleged flooding caused by a Beaver Dam.  Therefore, Plaintiff has not stated a cognizable claim for relief, and both claims must be dismissed.

// // //

---

[2] There is no allegation in the Complaint that Union Pacific somehow brought the beavers under its control, and there is no question that beavers are indigenous to Oregon, as demonstrated by *Fields v. Wilson*, 186 Or. 491 (1949).

Page 5 -   DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

### 3. Plaintiff's Breach of Regulatory Duty Claim Must Be Dismissed Because the Cited Regulation Does Not Apply to Protect Plaintiff's Property

The <u>sole</u> basis of Plaintiff's breach of regulatory negligence claim is Union Pacific's alleged breach of 49 CFR 213.33 ("Section 213.33"). This regulation does not apply to facts alleged in the Complaint. This claim must thus be dismissed.

Part 213 is titled "Track Safety Standards." The scope of Part 213 is to "prescribe[] minimum safety requirements for <u>railroad track</u> that [are] part of the general railroad system of transportation . . . [i]n general, the requirements prescribed in this part apply to specific track conditions ." 49 C.F.R. § 213.1 (emphasis added.)  Section 213.33 is located within Subpart B entitled "Roadbed." The scope of Subpart B is to "prescribe[] minimum requirements for <u>roadbed and areas immediately adjacent to roadbed</u>." 49 C.F.R. § 213.31 (emphasis added).

Section 213.33, titled "Drainage," states that: "[e]ach drainage or other water carrying facility under or immediately adjacent to the roadbed shall be maintained and kept free of obstruction, to accommodate expected water flow for the area concerned."

A plain reading of Section 213.33, in the context of the purpose of Part 213 and Subpart B, demonstrates that the purpose of Section 213.33 is to keep standing water off of railroad tracks. Nothing in the text or context of Section 213.33 indicates that it creates a general duty to keep a creek below a railroad bridge free of obstruction. And nothing in the text or context of Section 213.33 indicates that its purpose is to protect adjacent landowners from flooding or beaver burrowing.

Indeed, the Supreme Court of Pennsylvania recently analyzed Section 213.33 and held that it <u>does not</u> apply to the flow of a creek under a railroad bridge. *Miller v. Se. Pennsylvania Transp. Auth*., 628 Pa. 78, 99–100, 103 A.3d 1225, 1238 (Pa. 2014). In *Miller,* a hotel owner sued the Southeastern Pennsylvania Transportation Authority ("SEPTA") for negligence, alleging that a bridge owned by SEPTA was negligently constructed and blocked the flow of water of the creek below it, causing flooding to the hotel. *Id.* at 628 Pa. at 81, 103 A.3d at 1227. SEPTA claimed that Section 213.33 preempted the plaintiff's state law negligence claim. *Id.* at

Page 6 -    DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

<code>
</code>
<code>
</code>
<code>
</code>
<code>
</code>
<code>
</code>
<code>
</code>
<code>
</code>
<code>
</code>

628 Pa. at 83, 103 A.3d at 1228. The Pennsylvania Supreme Court held that Section 213.33 did not preempt the plaintiff's claims because the regulation only applies to the railroad track safety issue of preventing standing water from accumulating on railroad tracks, and was not relevant to the issue of the railroad bridge allegedly creating flooding of the creek below it.

> <u>Section 213.33 simply does not address, much less cover, the subject matter of Pennsylvania's common law riparian rights</u>. To begin with, Part 213 is identified specifically as setting forth "Track Safety Standards." The scope of that part is expressly limited to "minimum safety requirements for railroad track," and "[i]n general, the requirements prescribed in this part apply to specific track conditions...." 49 C.F.R. § 213.1 (emphases added). Moreover, Section 213.33 falls within Subpart B to the Track Safety Standards, which is expressly limited in scope to "minimum requirements for roadbed and areas immediately adjacent to roadbed." 49 C.F.R. § 213.31 (emphases added). Notably . . . Section 213.33, pertains specifically to "Drainage." . . . <u>Given the plainly limited scope of the Track Safety Standards, including Section 213.33, and the further limited scope of the Roadbed subpart, it is clear that the "area concerned," specifically for safety purposes, is the railroad track and the track's roadbed</u>. Under Section 213.33, expected water flow (presumably primarily storm-water flow) upon the track and roadbed must be accommodated by drainage or other water carrying facilities, quite obviously to prevent the track safety issue which would otherwise be presented by the accumulation of standing water on railroad tracks, and corresponding interference with railroad operations. To be sure, attention to the tracks, drainage, and obstructions may inure to the benefit of neighboring landowners. But the concerns addressed have no express relation to the riparian rights at issue in this case.

*Id.* at 628 Pa. 78, 99–100, 103 A.3d 1225, 1238 (emphasis added).

The Third Circuit reached the same conclusion that "Section 213.33 is . . . plainly intended to prevent water from pooling on or around railroad tracks and thus to avoid potentially dangerous conditions occasioned by standing water, such as the presence of debris on tracks, icing conditions, and compromised track integrity." *MD Mall Assocs., LLC v. CSX Transp., Inc.*, 715 F.3d 479, 492 (3d Cir. 2013), as amended (May 30, 2013).  The Third Circuit thus held that Section 213.33 did not preempt a state law negligence claim based upon rain water run-off from drainage ditches next to a railroad track onto an adjacent property.  *Id.*

Page 7 -   DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

Plaintiff does not assert that Section 213.33 creates a private right of action, and there is no authority for that proposition. Instead, Plaintiff asserts that, pursuant to Section 213.33, Union Pacific "had a duty to keep Fairview Creek, within its right of way, free of all obstruction." (Compl. ¶ 17.) "When a plaintiff . . . invokes a governmental rule in support of a [negligence] theory, the question is whether the rule, though it was not itself meant to create a civil claim, nevertheless so fixes the legal standard of conduct that there is no question of due care left for a factfinder to determine; in other words, that noncompliance with the rule is negligence as a matter of law." *Shahtout By & Through Shahtout v. Emco Garbage Co.*, 298 Or. 598, 601 (1985). "[V]iolations of statutory safety rules by themselves provide the element of negligence with respect to those risks that the rules are meant to prevent, at least unless the violator shows that his conduct in fact did not violate the rule under the circumstances." *Id.* In *Shahtout*, the plaintiff, who was struck by a truck when it was backing up, made a claim based upon the defendant's failure comply with a regulation requiring that the truck be equipped with an audible warning device. *Id.* at 600. The Oregon Supreme Court held that the purpose of the regulation the plaintiff cited was only to protect worker safety, and not the safety of members of the general public such as the plaintiff. *Id.* at 604. Therefore, plaintiff's breach of the regulation "would not establish defendant's negligence as a matter of law." *Id.*

Similarly, the purpose of Section 213.33 is only to prevent the railroad safety issue of standing water accumulating on railroad tracks. It does not apply to alleged obstructions to a creek flowing below the tracks. Section 213.33 created no duty for Union Pacific to keep Fairview Creek clear or to remove the Beaver Dam. And the damage to his property that Plaintiff alleges is not the type of harm that Section 213.33 was intended to prevent. Therefore, for this additional reason, Plaintiff's breach of regulatory duty claim must be dismissed.

// // //

// // //

// // //

// // //

Page 8 -   DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

### III.   CONCLUSION

For the foregoing reasons, the complaint should be dismissed in its entirety with prejudice.

DATED: September 1, 2017

                                            *s/ Kimberlee Petrie Volm*
                                            Timothy J. Coleman, OSB No. 841970
                                            Kimberlee Petrie Volm, OSB No. 114906
                                            COSGRAVE VERGEER KESTER LLP
                                            888 SW Fifth Avenue, Suite 500
                                            Portland, Oregon 97204
                                            Telephone:  (503) 323-9000

                                            Anne Marie O'Brien, NE #18271
                                            Adam R. Feeney, NE #25897
                                            LAMSON, DUGAN & MURRAY, LLP
                                            10306 Regency Parkway Drive
                                            Omaha, NE 68114
                                            Tel: (402) 397-7300

                                            Attorneys for Defendant

Page 9 -   DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS on the date indicated below by:

☐     mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐     hand delivery,

☐     facsimile transmission,

☐     overnight delivery,

☒     electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the document(s) generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Edward P. Fitch
Fitch Law Group PC
210 SW 5th St., Suite #2
Redmond, OR 97756
    Attorneys for Plaintiff

    DATED: September 1, 2017

                                            *s/ Kimberlee Petrie Volm*
                                            Kimberlee Petrie Volm

Page 1 - CERTIFICATE OF SERVICE

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019