Timothy J. Coleman, OSB No. 841970
Internet e-mail: tcoleman@cosgravelaw.com
Kimberlee Petrie Volm, OSB No. 114906
Internet e-mail: kpetrievolm@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone:  (503) 323-9000
Facsimile:   (503) 323-9019

Anne Marie O'Brien, NE #18271
*(Admitted Pro Hac Vice)*
Internet email: aobrien@ldmlaw.com
Adam R. Feeney, NE #25897
Internet email: afeeney@ldmlaw.com
*(Admitted Pro Hac Vice)*
Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
Telephone:  (402) 397-7300
Facsimile:   (402) 397-7824

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALEX McDONALD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNION PACIFIC RAILROAD COMPANY, a foreign business corporation,<br><br>　　　　　Defendant. | Case No. 3:17-cv-01157-YY<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(b)(6)]** |

Page 1 -    DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
　　　　　　COMPLAINT [F.R.C.P. 12(b)(6)]

**Cosgrave Vergeer Kester LLP**　　　　　**Lamson, Dugan & Murray, LLP**
**888 SW Fifth Avenue, Ste. 500**　　　　　**10306 Regency Parkway Drive**
**Portland, Oregon 97204**　　　　　　　　**Omaha, Nebraska 68114**
**Tel: (503) 323-9000 Fax: (503) 323-9019**　　**Tel: (402) 397-7300 Fax: (402) 397-7824**

## ARGUMENT

Plaintiff's response relies upon the erroneous assertion that "beavers are in fact in the control of individual landowners." (Response at 2.) This is at odds with the Oregon Supreme Court, which has held that "Beaver are animals *ferae naturae* . . . ." *Fields v. Wilson*, 186 Or. 491, 498, 207 P.2d 153, 156 (1949). Plaintiff does not (and cannot) contest the black letter law that "[u]nder the doctrine of ferae naturae, a landowner is not liable for the acts of wild animals [*ferae naturae*] occurring on the owner's property unless the landowner actually reduced indigenous wild animals to possession or control . . . ." *Union Pacific Railroad Company v. Nami*, 498 S.W.3d 890, 897 (Texas 2016) (internal quotation and citation omitted.)

Instead, Plaintiff makes the non-sequitur argument that landowners exercise control over beavers. This is wrong as a matter of law. The Oregon Supreme Court has defined beavers as wild animals. And Plaintiff has not pled, and cannot plausibly plead, that Union Pacific has exercised possession or control over the beavers that allegedly built the dam in question. Imposing a duty upon Union Pacific to somehow monitor and control all of the activities of all of the wild animals living around its right of way would be unworkable and would represent a severely undue burden upon Union Pacific. That is simply not what the law is.

Elsewhere, Plaintiff makes the illogical argument that the "beavers were not the primary cause of the damage. Instead, the cause of the damage was a dam, constructed of logs, sticks and like materials." (Response at 3.) Plaintiff's complaint alleges that the beavers built the dam that caused the alleged damage to his property. This was an "act of wild animals" for which Union Pacific is not liable.

Further, Plaintiff is incorrect that the dam is "on private land." There is no allegation in the Complaint that Union Pacific owns the creek wherein the dam was allegedly built.

Page 2 -   DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(b)(6)]

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

Also, the fact that Union Pacific may have the right to trap beavers under ORS 610.105 does not "place them in the control of [Union Pacific.]" (*See* Response at 2.) Again, beavers are wild animals, and Union Pacific is not liable for their actions unless it actually reduces them to its possession or control.

Moreover, the declarations that Plaintiff submitted in support of his resistance should not be considered by this Court. *See Nelmes v. Nationstar Mortg.*, LLC, No. 3:16-CV-615-AC, 2016 WL 7383335, at *1 (D. Or. Nov. 9, 2016), report and recommendation adopted sub nom, *Nelmes v. Nationstar Mortg., LLC.*, No. 3:16-CV-615-AC, 2016 WL 7378995 (D. Or. Dec. 20, 2016) ("In general, a court cannot consider any material outside of the pleadings when ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are 'given reasonable opportunity to present all materials made pertinent to such motion by Rule 56.'") But in any event, they do not support Plaintiff's position. The City of Portland and State of Oregon guidance attached to the Fitch Declaration recommends <u>against</u> the removal of beaver dens and dams. (Fitch Declaration Ex. A at 3, Ex. B at 2.) Regardless of what Union Pacific *may* be legally allowed to do regarding beavers, Union Pacific is not liable for the actions of the beavers unless it actually exercises possession or control of them. For this same reason, the declarations of Alex and Tom McDonald cannot (even if considered) save the complaint from dismissal. There is simply no cognizable legal theory to hold Union Pacific liable for the acts of wild beavers.

Finally, Plaintiff concedes that his breach of regulatory duty claim must be subject to dismissal. (Response at 3.) Plaintiff's request to re-plead a state law claim should be denied. That is Plaintiff's first cause of action for common law negligence, which is subject to dismissal under the doctrine of *ferae nature*. There is simply no cause of action available under a theory of

Page 3 -   DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
           COMPLAINT [F.R.C.P. 12(b)(6)]

**Cosgrave Vergeer Kester LLP**         **Lamson, Dugan & Murray, LLP**
888 SW Fifth Avenue, Ste. 500           10306 Regency Parkway Drive
Portland, Oregon 97204                  Omaha, Nebraska 68114
Tel: (503) 323-9000 Fax: (503) 323-9019 Tel: (402) 397-7300 Fax: (402) 397-7824

damage caused by the acts of beavers. Therefore, the complaint should be dismissed without leave to amend or re-plead.[1]

## CONCLUSION

For the foregoing reasons, and those in Union Pacific's Motion, the complaint should be dismissed in its entirety with prejudice.

DATED: September 27, 2017                    Respectfully submitted,

                                                           *s/ Kimberlee Petrie Volm*
                                                           Timothy J. Coleman, OSB No. 841970
                                                           Kimberlee Petrie Volm, OSB No. 114906
                                                           Cosgrave Vergeer Kester LLP
                                                           888 SW Fifth Avenue, Suite 500
                                                           Portland, Oregon 97204
                                                           Telephone: (503) 323-9000

                                                           Anne Marie O'Brien, NE #18271
                                                           Adam R. Feeney, NE #25897
                                                           Lamson, Dugan & Murray, LLP
                                                           10306 Regency Parkway Drive
                                                           Omaha, NE 68114
                                                           Tel: (402) 397-7300

                                                           Attorneys for <u>Defendant</u>

---

[1] Plaintiff asserts that the *Miller v. SE Pennsylvania* and *MD Marr v. CSX* cases that Union Pacific cited in its Motion stand for the blanket proposition that a re-pled claim "would not be preempted by the Federal Regulations." (Response at 3.) This is not correct. Union Pacific cited these cases for the proposition that the specific Federal Regulations that Plaintiff asserted Union Pacific breached did not apply to the factual situation pled in the Complaint—a proposition that Plaintiff now concedes is correct. They do not stand for the sweeping proposition that any possible cause of action that Plaintiff could seek to plead would not be preempted.

Page 4 -   DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(b)(6)]

**Cosgrave Vergeer Kester LLP**
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

**Lamson, Dugan & Murray, LLP**
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(b)(6)] on the date indicated below by:

- ☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☒ electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the document(s) generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Edward P. Fitch
Fitch Law Group PC
210 SW 5th St., Suite #2
Redmond, OR 97756

DATED: September 27, 2017

*s/ Kimberlee Petrie Volm*
Kimberlee Petrie Volm

Page 1 - CERTIFICATE OF SERVICE

4826-3837-1409

Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Ste. 500
Portland, Oregon 97204
Tel: (503) 323-9000 Fax: (503) 323-9019

Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300 Fax: (402) 397-7824